# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**KRISTIN HEBE,**

    **Plaintiff,**                  **CASE NO.:**

v.

**OSHKOSH CORPORATION d/b/a**
**PIERCE MANUFACTURING, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KRISTIN HEBE, by and through undersigned counsel, brings this action against Defendant, OSHKOSH CORPORATION d/b/a PIERCE MANUFACTURING, INC., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Section 504 of the Rehabilitation Act of 1973, as amended, ("Section 504"), 29 U.S.C. § 794.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Manatee County, Florida.

## PARTIES

4. Plaintiff is a resident of Sarasota County, Florida.

5. Defendant operates a manufacturing company in Bradenton, in Manatee County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "individual with a disability" as defined in 29 U.S.C. § 705(20).

10. At all times material hereto, Defendant received federal financial assistance acting under the color of state and federal law. Thus, Defendant was a "program or activity" as defined in 29 U.S.C. § 794 (b)(1)(B).

## FACTS

11. Plaintiff began working for Defendant on March 31, 2020 as a Human Resources manager, and she worked in this capacity until November 2, 2020.

12. During Plaintiff's employment with Defendant, Plaintiff suffered from a disability.

13. On or about March 31, 2020, Plaintiff notified Defendant of her condition.

14. On or about September 2, 2020, Plaintiff requested an accommodation from Defendant for her condition. Specifically, Plaintiff requested a brief leave of absence.

15. Plaintiff's supervisor repeatedly threatened to terminate Plaintiff while she was on her brief leave of absence.

16. On September 21, 2020, Plaintiff filed a complaint with Defendant and reported the supervisor's discriminatory behavior.

17. On or about September 29, 2020, Defendant insisted Plaintiff continue to work while she was on leave.

18. On or about September 29, 2020, Defendant denied Plaintiff's request for accommodation, even though granting Plaintiff's request would not have imposed any undue hardship on Defendant.

19. By denying Plaintiff's request, Defendant unreasonably refused to accommodate Plaintiff's condition.

20. On October 30, 2020, Defendant threatened to file a baseless lawsuit against Plaintiff.

21. By denying Plaintiff a reasonable accommodation and filing a baseless lawsuit, Defendant constructively discharged Plaintiff's employment.

22. On or about November 2, 2020, Defendant constructively discharged CP's employment.

## COUNT I – REHABILITATION ACT VIOLATION
## (DISCRIMINATION)

23. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24. Plaintiff is an individual with a disability as defined in 29 U.S.C. § 705(20).

25. Defendant discriminated against Plaintiff based on her disabilities, in violation of Section 504.

26. Defendant has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of Plaintiff.

27. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available under Section 504 of the Rehabilitation Act.

**WHEREFORE**, Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issue and that this Court take jurisdiction over the case;

    (c) Judgment against Defendant, permanently enjoining Defendant from future violations of the Rehabilitation Act, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

    (d) Compensatory damages, including emotional distress, allowable at law;

    (e)    Punitive damages;

    (f)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    (g)    Prejudgment interest on all monetary recovery obtained;

    (h)    All costs and attorney's fees incurred in prosecuting these claims; and

    (i)    For such further relief as this Court deems just and equitable.

### COUNT II – REHABILITATION ACT VIOLATION (DENIAL OF REASONABLE ACCOMODATION)

28. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

29. Plaintiff is an individual with a disability as defined in 29 U.S.C. § 705(20).

30. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly denied her reasonable accommodation request, in violation of Section 504.

31. Defendant's actions were willful and done with malice.

32. Plaintiff was injured due to Defendant's violations of the Rehabilitation Act, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    (a)    A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

### COUNT III – REHABILITATION ACT VIOLATION (RETALIATION)

33. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

34. Plaintiff is an individual with a disability as defined in 29 U.S.C. § 705(20)

35. Plaintiff engaged in protected activity under the Rehabilitation Act by requesting a reasonable accommodation.

36. Defendant retaliated against Plaintiff for engaging in protected activity under the Rehabilitation Act by denying her reasonable accommodation request, filing a baseless lawsuit, and constructively discharging her employment.

37. Defendant's actions were willful and done with malice.

38. The adverse employment action that Defendant took against Plaintiff was material.

39. Plaintiff was injured due to Defendant's violations of the Rehabilitation Act, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the Rehabilitation Act;

(d) That this Court enter an injunction restraining continued violation of the Rehabilitation Act;

(e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

(h) Any other compensatory damages, including emotional distress, allowable at law;

(i) Punitive damages;

(j) Prejudgment interest on all monetary recovery obtained.

(k) All costs and attorney's fees incurred in prosecuting these claims; and

(l) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of March, 2021.

                              Respectfully submitted,

                              _____
                              **LUIS A. CABASSA**
                              Florida Bar Number: 0053643
                              **WENZEL FENTON CABASSA, P.A.**
                              1110 N. Florida Avenue, Suite 300
                              Tampa, Florida 33602
                              Main Number: 813-224-0431
                              Direct Dial: (813) 379-2565
                              Facsimile: 813-229-8712
                              Email: lcabassa@wfclaw.com
                              Email: gnichols@wfclaw.com
                              **Attorneys for Plaintiff**